UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUIS HERRERA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-6543** |
| **FIDELITY AND DEPOSIT COMPANY OF MARYLAND** | **SECTION "T" (2)** |

<u>**ORDER AND REASONS**</u>

Before the Court is Plaintiff's Motion to Remand. Rec. Doc. 5. Defendant filed an Opposition to the Motion. Rec. Doc. 8. The Motion came for hearing without oral argument on November 28, 2007 and was submitted on the briefs. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and is ready to rule.

**I.   BACKGROUND**

Luis Herrera (hereinafter, "Plaintiff") owns residential property located at 6025 Ricky Street in Metairie, Louisiana which was damaged by Hurricane Katrina. According to Plaintiff's state court Petition for Damages, at the time Hurricane Katrina struck, the property was insured by a homeowner's insurance policy procured by Plaintiff's mortgagee, Whitney National Bank. See Exhibit "1" attached to Rec. Doc. 1. The policy was issued by Defendant, Fidelity and Deposit Company of Maryland (hereinafter, "Fidelity"). *Id.*

After Hurricane Katrina, Plaintiff sent to Fidelity a proof of loss, along with an estimate of damages incurred, in the amount of $64,800.00. See Exhibit "1" attached to Rec. Doc. 1. Fidelity paid $34,503.52 to Plaintiff. *Id.*

Plaintiff filed this action in the Twenty-Fourth Judicial District Court, Parish of Jefferson, alleging that Defendant "wrongfully failed to act on the claim submitted by plaintiff" or alternatively, "wrongfully denied the claim within the time periods established in LSA-R.S. 22:658

and LSA-R.S. 22: 1220." *See* Exhibit "1" attached to Rec. Doc. 1 at paragraph 11. In addition to the penalties allowed by these statutes, Plaintiff also requests compensatory damages for the Defendant's alleged bad faith conduct. *See* Exhibit "1"attached to Rec. Doc. 1 at paragraph 15.

The action was removed to this Court on October 9, 2007. The instant Motion to Remand followed. Plaintiff argues this matter is a wind damage case only and should be remanded because the amount in controversy is not met and was not demonstrated in his Petition for Damages. Specifically, Plaintiff asserts that his Petition for Damages states that his Sworn Proof of Loss shows he incurred only $64, 800.00 in damages to his residence. Since he has received $34, 503.52 to date, he asserts that the amount in controversy is $30, 296.48, below the required $75,000.00. In addition, Plaintiff asserts that even adding in the maximum statutory penalty and the attorneys fees, the amount in controversy is still not met. Plaintiff also filed a stipulation in the record expressly renouncing any portion of the judgment which may rendered against Fidelity. *See* Exhibit "4" attached to Rec. Doc. 5.

Defendant counters that it needs to establish more likely than not that the amount in controversy exceeds $75,000.00 at the time the case was removed and has done so by demonstrating that Plaintiff's Petition seeks damages above and beyond the estimate included in the Sworn Proof of Loss. Specifically, Defendant points out that Plaintiff's Petition for Damages seeks an assortment of damages including for bad faith, compensatory damages, penalties and attorneys fees. While Plaintiff argues that this claim is for wind damages only in the un-tendered amount of $34, 639.90, Defendant points out that the damages sought in his Petition for bad faith conduct and compensatory damages, coupled with the policy limits of $116, 000 and the alleged statutory penalties, far exceeds the requisite amount in controversy.

**II.     LAW AND ANALYSIS**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  However, a court must remand the case to state court if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1441(c).

Typically, when a plaintiff alleges a damage figure in excess of the required amount in controversy, that amount controls if made in good faith.  *Valobra v. State Farm Fire & Casualty Co.*, No. CIV.A.06-3278, 2006 WL 2710461, at *1 (E.D. La. Sept. 20, 2006) *citing St. Paul Mercury Idem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).  Similarly, if a plaintiff pleads damages less than the jurisdictional amount, this figure will also control, generally barring removal . *Id.; See also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  However, Louisiana law does not permit a plaintiff to plead a specific amount of money damages.  *See Atkins v. Lexington Insurance Co.*, No. CIV.A.06-1254, 2006 WL 1968895, at *2 (E.D. La. July 12, 2006).  Therefore, Fifth Circuit law requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Id. citing Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Id. citing Allen*, 63 F.3d at 1335.  In those instances where the requisite jurisdictional amount is ambiguous or uncertain at the time of removal, post-removal affidavits sometimes can be relevant . *Asociacion Nacional De Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir.1993).

Under Louisiana law, pleading a specific monetary sum in damages is prohibited.  *See* LSA-

CCP art. 893(A0(1). As such, the state court Petition for Damages does not plead a specific amount of damages. Accordingly, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *De Aguilar*, 47 F. 3d at 1409.

Defendant has met its burden. First, contrary to Plaintiff's Opposition, his state court Petition reveals that the claims are not narrowed to only "wind damage" as that phrase is not located in the Petition itself. Rather, the Petition provides that Plaintiff is suing under a "homeowners insurance policy" with a policy limit of approximately $116, 600.[1] Subtracting the $30,296.48 already paid by Defendant, there remained approximately $86,303.52 under the policy in dispute. Additionally, the state court Petition also provides that in addition to statutory penalties and attorneys fees, Plaintiff seeks compensatory damages in "an amount not yet ascertained." Conspicuously absent from his Opposition memorandum any argument that his "compensatory damages" will not push him over the jurisdictional threshold. Further, Plaintiff's state court action sought a jury demand. In Louisiana, a trial by jury is allowed when the amount of damages sought, exclusive of interest and cost, exceeds $50, 000.00. See LSA-R.S. 1732(1). In addition to the compensatory damages for his emotional distress, the breach of contract damages for the failure of defendant to pay under the policy, and the amounts alleged for additional coverages under the policy, Plaintiff also seeks statutory penalties which, could be 25% or 50% (depending on which version of LSA-22:658 is applicable) of the amount awarded under the applicable policy if Defendant is found to have acted arbitrarily and capriciously. Taken all these allegations in the state court petition as true, the Defendant has met its burden that at the time it removed the state court

---

[1] tThe Defendant has pointed out that Plaintiff's Petition providing that the limit is $106, 000 is incorrect as the actual policy limit is $116,600.

action, it was more likely than not that the amount in controversy requirement of 28 U.S.C § 1332 was met.  Accordingly, remand is **DENIED.**

Plaintiff, relying upon *Olmsted v. Blockbuster,* 1998 WL 351849 (E.D. La. 1998)(Livaudais, J) argues that the jurisdictional amount was uncertain at the time of removal and not facially apparent; thus, the post-removal stipulation must be looked at to determine whether the jurisdictional amount exists.  Plaintiff's reliance on *Olmsted* is misplaced because the Court found there that Defendant had not met its burden in showing by a preponderance of the evidence that the amount in controversy was met and that it was not facially apparent that the requirement for the amount in controversy had been satisfied.  *Olmsted*, 1998 WL 351849, *2.  Because the jurisdictional amount was unresolved Judge Livaudais, relying upon the Fifth Circuit's *Asociacion Nacional De Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir.1993) decision, looked to the Plaintiff's post-removal stipulation for evidence of whether the amount in controversy was met.  In *Asociacion,* the Fifth Circuit was faced with a complaint that did not specify an amount of damages and from which it was not otherwise facially apparent that the damages sought were above the jurisdictional amount.  *Asociacion*, 988 F. 2d at 566.  Further, the defendant there offered only conclusory allegations in their notice of removal that was not based upon direct knowledge of Plaintiff's claims.  Because the jurisdictional amount was uncertain and ambiguous, at the time removal was filed, the Court  relied upon the post-removal sworn unrebutted stipulation indicating that the requisite jurisdictional amount was not met and remanded the matter.  *Asociacion*, 988 F. 2d at 566.  Such are not the facts of this case where the state court Petition for Damages is facially apparent that the amount in controversy exceeds the jurisdictional limits.

The Court has reviewed the state court Petition for Damages and believes that the allegations

contained therein are sufficient to demonstrate, by a preponderance of the evidence, that the requisite amount in controversy is met and was facially apparent at the time of removal. Accordingly, review of the Plaintiff's unilateral stipulation is not warranted.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand, Rec. Doc. 5, is **DENIED.**

New Orleans, Louisiana this 1st day of February, 2008.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**